FILED
:SUPERIOR COURT
OF GUAM

2022 JUL 11 PM 2:58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOEY ALLAN ACFALLE TERLAJE,<br><br>　　　　　　　　　　　Defendant. | Case No. CF0642-21<br><br>**DECISION AND ORDER**<br>**(People's Motion for a Protective Order)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on June 3, 2022, for a Motion Hearing on the People of Guam's ("People") Motion for a Protective Order. Attorney Joaquin C. Arriola appeared for Joey Allan Acfalle Terlaje ("Defendant"). Assistant Attorney General Leonardo Rapadas appeared for the People. Having considered the arguments and the applicable law and having conducted an *in camera* review, the Court hereby **DENIES** the People's Motion for a Protective Order and **ORDERS** the People disclose the police reports and documents referencing the police reports to Defendant.

## BACKGROUND

The factual background of this matter was previously set out by the Court in a Decision and Order issued on April 20, 2022, and a second Decision and Order issued on May 12, 2022. Dec. and Order (Mot. for Bill of Particulars), Apr. 20, 2022; Dec. and Order (Mot. to Dismiss

Indictment), May 12, 2022. The following explains the relevant history of this case that led to the People's Motion for a Protective Order.

The People obtained police reports and documents referencing the police reports regarding potential witnesses in this case from the federal government during the People's investigation, which contained charges that were expunged or not prosecuted. People's Mot. for a Protective Order, May 6, 2022. Consequently, the People seek a protective order from the Court declaring that the police reports and documents referencing the police reports are not subject to discovery. *Id.* On May 6, 2022, the People filed the instant motion. *Id.* Defendant filed an opposition. Def.'s Opp'n. to People's Mot. for Protective Order, May 27, 2022. The Court held a motion hearing, took the parties' arguments under advisement, and ordered the People provide the Court with the police reports for an *in camera* review. Minute Entry, Jun. 3, 2022; Order After Hearing Re: Motion for a Protective Order, Jun. 13, 2022.

## DISCUSSION

"[The People seek] a protective order declaring that expunged police reports are not subject to disclosure, whether expunged by order of the court or by operation of law due to being declined." People's Mot. for a Protective Order at 3. The People argue that when the Office of the Attorney General declines to prosecute a criminal case, the case is automatically expunged under 8 G.C.A. § 11.10(a). *Id.* at 2. Defendant asserts that 8 G.C.A. § 11.10(a) "does not provide for protective orders for expunged cases," rather it merely seals them to anyone outside of law enforcement. Def.'s Opp'n. to People's Mot. for Protective Order at 4–5. Defendant further asserts that the police reports are exculpatory information and Guam law mandates full disclosure of all exculpatory information. *Id.*

**A. Absent a court order, the police reports and documents referencing the police reports are not expunged.**

Title 8 G.C.A. § 11.10(a) states:

The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law *shall* be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides *not* to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon Review Board when a pardon is granted pursuant to § 1422 of the Organic Act of Guam, *except* for the pardon of a felony offense involving violence. Expungement *shall not* occur for an offense which requires a person to register as a sex offender, as defined in § 89.03 of Title 9, Guam Code Annotated, until the defender's name is removed from the registry.

Title 8 G.C.A. § 11.10(a) states:

As used in this Act, *expungement* means the sealing of records to all persons outside of the law enforcement agencies to admit the existence of such records to persons not entitled to examine them.

Thus, 8 G.C.A. § 11.10(a) provides the Court with statutory authority to expunge when the Office of the Attorney General has made a decision not to prosecute. The Supreme Court of Guam has stated "a request for expungement of a criminal record shall not be brought as a motion within the criminal case after the rendition of final judgment of criminal conviction, but rather, must be brought as a separate civil action, the disposition of which would the give rise to an appeal of right from a final civil judgment pursuant to 7 G.C.A. § 3108(a)." *People of Guam v. Wai Kam Ho*, 2009 Guam 18 ¶ 32. "This procedure applies to expungement requests based on statutory or inherent authority." *Id.* The Supreme Court of Guam previously reasoned "[g]enerally, requesting expungement pursuant to a statute is considered a civil matter." *People v. Lau*, 2007 Guam 4 ¶ 4. "Guam's general expungement statute is codified in the criminal procedure section of that code, but, as other courts have found, this location in the criminal procedure code does not control, and expungement under 8 G.C.A. § 11.10 is a civil matter." *Id.*

The People contend that while it is the Office of the Attorney General's practice to request an order from the Court expunging a police report it declines to prosecute, it is not required. Digital Recording at 3:07:21–3:41:22 (Mot. H'rg. Jun. 3, 2022). The People cite *Allen v. Richardson,* 2018 Guam 2 for the proposition that if the requirements of 8 G.C.A. § 11.10 have been met, expungement is "automatic" and a court order is not necessary. People's Mot. for a Protective Order at 3. The footnote that the People reference states "[i]n a recent non-precedential order, [the Supreme Court of Guam] found that a request for expungement was not necessary under 8 G.C.A. § 11.10; such expungements are automatic." *Richardson,* 2018 Guam 2 n. 2 (*citing* In re: Confidential Investigation, ADC16-004 at 1 (Order, Nov. 23, 2016)). The Court is unable to review the order that the Supreme Court of Guam cited in reasoning that expungement is automatic under 8 G.C.A. § 11.10 due to its confidential nature. Furthermore, while it is not the Court's place to question the wisdom of the Supreme Court of Guam, the Court notes that this footnote contradicts the precedent requiring a separate civil action for expungement of a criminal case. As the footnote is ambiguous and 8 G.C.A. § 11.10 does not contain the word "automatic," the Court declines to take the position that expungements are automatic under 8 G.C.A. § 11.10 and holds that an expungement must be brought as a separate civil action.

Accordingly, the Court holds that any of the police reports or other records that have not been expunged in a separate civil action via court order are not expunged, and the Defendant is entitled to receive those documents. The People mention that some of the police reports have been expunged by court order. The Court has not been provided with any court orders demonstrating expungement. If such court orders exist, the People should submit the court orders to the Court and the Court will determine if there are any grounds for the Court to issue a protective order regarding those specific documents.

**B. The police reports and documents referencing the police reports are material and therefore discoverable.**

Although the police reports and documents referencing the police reports are not expunged, they are not necessarily discoverable. Title 8 G.C.A. § 70.10(a) states specific material the prosecuting attorney must disclose to the defendant's attorney. Title 8 G.C.A. § 70.15(a) states "the court in its discretion may order the prosecuting attorney to disclose to the defendant's attorney any relevant material and information not covered by § 70.10." Title 8 G.C.A. § 70.15(b) states "[t]he court may deny disclosure authorized in this Section if it finds that there is substantial risk to any person of physical harm, intimidation, bribery, economic reprisals or unnecessary annoyance or embarrassment, resulting from such disclosure, which outweighs any usefulness of the disclosure to the defense." The Supreme Court of Guam has articulated that if the discovery is not included in 8 G.C.A. § 70.10, "the defendant may obtain other discovery upon a showing: 1) of materiality to the preparation of his defense; and 2) the request is reasonable." *People v. Tuncap*, 1998 Guam 13 ¶ 16. "The court possesses discretion to order the prosecuting attorney to disclose relevant material and information not covered by section 70.10." *Id.* The Supreme Court of Guam has encouraged a liberal and broad reading of Guam's discovery statutes. *People v. Laxamana*, 2001 Guam 26 ¶ 53.

Title 8 G.C.A. § 70.10 does not enumerate that the prosecutor must disclose police reports to the defendant. As a result, the Court looks to see whether the police reports and documents referencing the police reports are material under 8 G.C.A. § 70.15(a) and whether there is a substantial risk to any person under 8 G.C.A. § 70.15(b). "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *People of Guam v. Fisher*, 2002 Guam 2 ¶ 13 (*citing United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). "A 'reasonable probability' is probability sufficient to undermine confidence in the outcome." *Id.*

Defendant argues "[i]t is important to note that the witness J.S. whose ELEVEN (11) prior arrests are 'expunged' was present at all times of the events alleged in the indictment, and was also a *suspect in this case* for the felonious restraint AND official misconduct allegations." Def.'s Opp'n. to People's Mot. for Protective Order at 4–5. Assuming Defendant's assertion is accurate, J.S. ("Witness") has an incentive to testify against Defendant. Although the People declined to charge Witness, he was also allegedly a public officer who witnessed the offense of felonious restraint occur. Accordingly, he can still be implicated in the alleged offenses and he is not merely a bystander who had no involvement in the incident. Consequently, it benefits Witness to testify against Defendant. Upon conducting an *in camera* review, the Court determines that the police reports and documents contain potential impeachment material, as well as information that is relevant to Defendant's defense.

The Court finds that failing to disclose the police reports and documents referencing the police reports could undermine confidence in the outcome because Witness's credibility could directly influence the factfinder's decision making and police reports and documents referencing the police reports are therefore material. Moreover, the Court finds that Defendant's request to review the police reports is reasonable. Defendant requests information that the People have in their possession, which is relevant to the credibility of the witnesses against him. By submitting the documents for an *in camera* review, the People have illustrated that the police reports are readily accessible.

The Court finds the usefulness of the disclosure to the defense outweighs the substantial risk of physical harm, intimidation, bribery, economic reprisals, unnecessary annoyance or embarrassment. The Court finds nothing in the record suggesting disclosure could lead to risk of physical harm, intimidation, bribery, or economic reprisals. The Court acknowledges that disclosing the police reports could lead to embarrassment or unnecessary annoyance of the

witnesses. However, as some of the witnesses could be implicated in the alleged offense, their credibility is directly at issue. Defendant's ability to prepare for trial and possible impeachment material outweighs any potential embarrassment that may arise from disclosure of the previous arrests.

Therefore, the Court exercises its discretion and holds that the police reports and documents referencing the police reports are material and reasonable. The Court notes that while the police reports are discoverable, they are not necessarily admissible at trial and Defendant must follow standard procedure to admit them at trial.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** the People's Motion for a Protective Order and **ORDERS** the People disclose the police reports and documents referencing the police reports to Defendant.

SO ORDERED, this _____ day of ___JUL 1 1 2022_____ 2022.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam